SUMMARY ORDER

Lip Ya Then, a native and citizen of Indonesia, seeks review of a May 21, 2008 order of the BIA denying his motion to reopen his removal proceedings. In re Lip Ya Then, No. A77 750 048 (B.I.A. May 21, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).
The BIA did not abuse its discretion in denying Then’s motion to reopen based on a claim of ineffective assistance of counsel. Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen must be filed within 90 days of the entry of the final decision in the underlying proceeding. Then’s motion was indisputably untimely. Claims of ineffective assistance of counsel may provide a sufficient basis for equitable tolling of the 90-day period if, inter alia, the movant exercised “due diligence in pursuing the case during the period [he] seeks to toll.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (internal quotations omitted).
*20 Here, the BIA properly found that Then failed to exercise due diligence in pursuing his claim. While Then asserts that he did not learn of his prior attorney’s ineffective assistance until he sought his present attorney’s services, the BIA properly found that Then was present at the hearing when his prior attorney admitted that it was her fault that his asylum application was not timely filed. Then asserts that his lack of knowledge of the English language and “scarce educational background” contributed to his failure to recognize his prior attorney’s ineffective assistance. However, as the Government points out, an interpreter was present at the hearing, and Then testified that he understood her. The IJ further instructed Then to inform him if he did not understand something that was said in court. Then fails to identify any part of the record that supports his assertion that he did not understand what was said at his hearing. See Cekic v. I.N.S., 435 F.3d 167, 172 (2d Cir.2006). (Holding that petitioners’ failure to take action to vindicate their rights was “fatal” to petition for review).
Additionally, Then was required to demonstrate that he exercised due diligence during the entire period of time he seeks to toll, which includes the time before he discovered his counsel’s ineffective assistance. See Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir.2008). While Then asserts that he did not learn of his prior attorney’s ineffective assistance until his current attorney informed him of her misconduct, as the BIA properly found, Then did not state when he contacted current counsel. Without providing such information, Then cannot establish that he exercised due diligence in pursuing his case. See id.; Cekic, 435 F.3d at 172.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.